WALTER D. VAN RIPER, ATTORNEY-GENERAL OF NEW JERSEY, RELATOR-RESPONDENT, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MIDDLESEX AND ARTHUR J. HAMLEY, COUNTY TREASURER, RESPONDENTS-APPELLANTS.

Argued May 21, 1948—Decided September 3, 1948.

For the appellants, *Edmund A. Hayes.*

For the respondent, *Walter D. Van Riper,* Attorney-General.

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. This is an appeal from a judgment entered in the Supreme Court in favor of the relator on an alternative writ of *mandamus.* To this writ there was a return, a demurrer to said return and a reply thereto. A peremptory writ of *mandamus* had been awarded and an order

was made that the peremptory writ have the same force and effect of an alternative writ, that the pleadings be moulded and the issues framed to allow an appeal to this court.

The return to the writ alleges, in brief, that the Attorney-General, at the request of Mr. Justice Colie, on April 11th, 1947, appointed John J. Winberry, Esq., as a Deputy Attorney-General to aid in the prosecution of the criminal business of Middlesex County, and that since that date he has been performing such duties; that in February, 1948, a bill in the sum of $103.35 for services and expenses was presented by Mr. Winberry to the appellant county which was disapproved on the ground that no appropriation had been made therefor; that for the year 1947 an appropriation of $10,000 had been made to cover the costs of the investigation by means of an emergency note, which appropriation had been completely exhausted by the end of that year, and that no suit at law or in equity other than the present proceedings was ever instituted to recover the amount represented by the bill rendered.

There are two grounds of appeal, first, that relator had other available and adequate remedies by suit at law to enforce payment of the indebtedness and the payment, as ordered, was not a ministerial act, and such a duty was not clear or convincing, in other words, that *mandamus* was not the proper remedy for relator to pursue; and secondly, that no appropriation having been made by the county in its budget for the year 1948 to cover any costs of the investigation, it is unlawful for respondents to pay said bill.

The investigation, in connection with which the bill in question was incurred, was directed by virtue of the provisions of *R. S.* 52:17A–5. That statute makes the payment of expenses incurred mandatory by the county treasurer when certified and fixed by the Supreme Court Justice. The words used in the statute are "there shall be paid." In the peremptory writ of *mandamus* it is set forth that the bill rendered had been so approved by the court and ordered paid.

*Mandamus* was the proper remedy. *Hudson County* v. *Zink*, 135 *N. J. L.* 1. No other adequate remedy existed to enforce the legal duty of the county to pay, a prerequisite to

enforcement by *mandamus*. The writ issues to compel the performance of a duty which ought to be performed. *Beronio* v. *Pension Commission of Hoboken,* 130 *Id.* 620. Appellants had an absolute duty to pay, not a discretionary power. The duty under the statute became a ministerial act. The purpose of the statute would be seriously impaired and the will of the legislature nullified if law enforcement officers and those who extend credit thereto were required to sue at law to recover moneys due under these circumstances. Such a suit might take months to litigate and in the meantime the investigation would be at a standstill.

The main reliance of appellants is placed on the second ground of alleged error. The argument is made' that the expenditure of money without an appropriation first being made therefor is violative both of article 4, section 6, paragraph 2 of the state constitution and *R. S.* 40:2–29. Neither the constitution nor the statutory provision relied upon are applicable here. The constitutional provision refers to the payment of money from the state's treasury; the statute was not designed to prevent or circumvent an investigation into county conditions and affairs at the whim of a board of freeholders. If that was so an inquiry into the acts of the board itself could be effectively prevented. The argument as to the statutory prohibition is specious in view of the provisions of *R. S.* 40:2–31 relating to emergency appropriations and the fact that the funds to cover the costs of the investigation for the year 1947 were raised by an emergency note.

Carried to its logical conclusion and as contended for on the oral argument any payment of the bill rendered would be in violation of the law even after the making of the certificate by the presiding justice and the issuance of a writ of *mandamus* requiring payment. In *Hudson County* v. *Zink, supra,* with which opinion we are in thorough accord this question was resolved contrary to the contention made here by appellants, and there the county was ordered to pay the bill forthwith or "to provide sufficient money for its payment in its budget presently to be made."

The amount involved here is small, it is a test case. The direction might well have been to compel an appropriation

of the money necessary to meet the bill and then to pay same but we are not concerned with the form of the command.

The judgment is affirmed, with costs.

*For reversal*—None.